

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(Fort Lauderdale Division)

DON KOZICH, Individually
    Plaintiff(s),

v.

CITY OF FORT LAUDERDALE, FL
    Defendant(s)

-------------------------------

CASE NO. 17-_____
AIA3

**17-62130-CV-MOORE/SNOW**

### PLAINTIFF'S <u>VERIFIED</u> NOTICE OF REMOVAL

Pursuant to 28 USC § 1331, 28 USC § 1343, 28 USC 1441, and 28 USC § 1446, the Plaintiff submits his <u>Verified</u> Notice of Removal of the action styled, <u>City of Fort Lauderdale v Don Kozich</u>, State Court Case No. FL_____, Citation No. A057033858 AIA3, in the Parking Services Division of the Seventeenth Judicial Circuit, in and for Broward County, Florida, has been removed to this case in the United States District Court for the Southern District of Florida.

### A. KOZICH'S APPENDIX (KA.___)

For this Verified Notice of Removal, Kozich relies on the separately filed Consolidated Appendix (KA.____).

### B. RELATED FEDERAL CASE

The related federal court case is styled, <u>Advocating Disability Rights, Inc. v. City of Fort Lauderdale, FL</u>, Case No.: 02-61126-CV-ZLOCH, Complaint for Permanent and Permanent Injunctive Relief and the August 1, 2003 Consent Final Judgment (KA.1-48) entered in that case based on the same or similar issues of law and facts as here.

1

In that case Judge Zloch reserved jurisdiction to enforce the terms of the Consent Final Judgment.

By default (KA.217-32) the City admits that it failed to comply with the Consent Final Judgment (KA.1-48).

### C. THE GROUNDS FOR REMOVAL

This Court has original jurisdiction of this action under federal question jurisdiction pursuant to 26 USC § 42, 28 USC § 1331, 1343(a)(3), 1441(a), (c), (e) and (f), and 1446, and 42 USC § 1983. The action may be removed to this Court pursuant to 28 USC § 1441(a), 1441(c), (e) and (f), and 1446 for the following reasons:

### FEDERAL QUESTION JURISDICTION

1. Jurisdiction will support claims founded under federal common law and as well as those of a statutory origin. Franchise Tax Bd. v. Const. Laborers Vacation Trust, 463 US 1, 27-28 (1983). Federal statutory or common law provides that the plaintiff's right to relief [in state court] necessarily depends on resolution of a substantial question of federal law. Grable & Sons Metal Prods., Inc. v Darue Eng'g & Mfg., 545 US 308, 312 (2005). Federal question jurisdiction exists if the defendant's right to relief in state court depends on resolution of a substantial question of federal law.

2. In accordance with 28 USC 1446(a), all of the relevant process and pleadings served in the State court action have been filed with the Court.

2

3. Pursuant to 28 USC § 1441(a), "... [A]ny civil action brought in a state court of which the district courts of the United States have original jurisdiction may be removed by the [state court] defendant..."

4. Neither the Rooker-Feldman Doctrine nor the Anti-Injunction Act, 28 USC § 2283, are applicable here because the state court case has not gotten to final judgment.

5. Where applicable, this Court has supplemental jurisdiction to review Kozich's claims under Florida law pursuant to 28 USC § 1367(a).

## COMPLIANCE WITH REMOVAL PROCEDURE

6. As required by 28 USC 1446(d), Kozich filed a true and correct copy of this Notice of Removal with the Clerk of the Circuit Court of the 17th Judicial Circuit. Kozich also served this Notice of Removal upon all adverse parties on the date set forth herein.

7. The United Sates District Court for the Southern District of Florida, Fort Lauderdale Division, is the district and division within which the State court action is pending.

8. Accordingly, Kozich has satisfied all of the removal prerequisites of 28 USC § 1446.

## D. GENERAL ALLEGATIONS

1. Plaintiff Don Kozich ("Kozich"), Individually sues the Defendant City of Fort Lauderdale (City), a municipal corporation, for Repeated and Contumacious Violations (KA.217-32) of the Consent Final Judgment (KA.1-48), for Injunctive Relief, tort claims

and costs pursuant to Title II of the Americans with Disabilities Act, 42 USC § 12181, et seq. ("ADA"), and Section 504 of the Rehabilitation Act; and pursuant to the Freedom of Information Act, 5 USC § 552, et seq.

2. This is a action for declaratory and injunctive relief, a declaration of rights, damages and costs pursuant to Title II of the Americans With Disability Act, 42 USC § 12131-1213 et. seq. (hereinafter referred to as the ADA) and Section 504 of The Rehabilitation Act; and pursuant to the FOIA under 5 USC § 552(a)(4)(B).

3. This Court is vested with original jurisdiction under 28 USC § 1331 and 1343.

4. Venue is proper in this Court, Fort Lauderdale Division, pursuant to 28 USC § 1391(B), and 5 USC § 552(a)(4)(B) and the Local Rules of the United States District Court for the Southern District of Florida.

5. Plaintiff, Don Kozich (Kozich), is a resident of Fort Lauderdale in Broward County, FL. Kozich is a qualified individual with a disability as defined by the ADA and other applicable Federal and State statute and regulations.

6. The City is a municipal corporation conducting business in the State of Florida and receives Federal funding and is therefore subject to the FOIA. Upon information and belief, the City is the operator, owner or lessee, or all, of the programs and services provided by the City as well as the facilities, real properties and improvements which are the subject of this action, the facilities owned, operated or leased by the City including but not limited to the City streets, City parking, City sidewalks, City curb cuts, City curb ramps, City Police Station, City Fire Stations, Holiday Park and other City Parks, City

Parks and Recreation main office and branch offices, the City Riverwalk, Fort Lauderdale Executive Airport, the City marinas, etc. On information and belief, the City has at least 5,000 employees.

7. Prior to commencing the instant action, Kozich personally attempted to avail himself of the City's programs, services and activities and visited the City's facilities where provided, including but not limited to the City streets, City parking, City parking facilities, City sidewalks, City curb cuts, City curb ramps, City Police Station, City Fire Stations, City parks, City Parks and Recreation main office and branch offices, Holiday Park and other City parks, the City Riverwalk, Fort Lauderdale Executive Airport, the City marinas, City beaches, City special parking district(s), City subdivisions, etc. and was unable to ensure that the City's programs and facilities are legal, being legally and equally enforced and readily and equally accessible to and usable by persons with disabilities.

8. With the City's continued contumacious disregard (KA.217-32) of the Consent Final Judgment (KA.1-48), Kozich continues to be discriminated against due to the City's continued failure to complete a transition plan for the removal of all barriers in its facilities where City programs are provided, failure to remove all barriers in existing City streets and sidewalks that serve facilities where City programs are provided, failure to ensure that the design and construction of all facilities and alternations to facilities are performed in compliance with applicable design standards for accessibility by persons with disabilities, failure to provide necessary services and equipment to ensue effective communications wit persons with disabilities, the failure to adequately publish information and post signage to

allow persons with disabilities to obtain necessary information or to request accommodation to fully participate in City programs, services and activities.

9. All conditions precedent including statutory prerequisites to the relief demanded herein have occurred or have been performed, waived or excused, or all.

## COUNT I

### ENFORCEMENT OF CONSENT FINAL JUDGMENT, VOID PARKING CITATION AND INJUNCTIVE RELIEF,

Kozich adopts and realleges each and every allegation of a material fact in paragraphs 1. through 9. of the General Allegations, and further alleges,

1. This is an action for enforcement of the August 1, 2003 Consent Final Judgment (KA.1-48) against the City in illegally establishing and enforcing parking restrictions along State Road A1A Right of Way (ROW) that is owned by the State (KA.49-89) and over which the City has no jurisdiction (KA.90-93), and in which ADA handicap parking placards are not valid or are restricted, and in contumacious disregard (KA.217-32) of the Consent Final Judgment and Federal and State Law, to void parking citation, for injunctive relief and for purposely posting incorrect parking restriction signage or not posting any signage, or both.

2. With the Consent Final Judgment (KA.1-48) the City agreed that it failed to comply with certain ADA requirements for local governments including but not limited to:

6

a. Failure to develop a transition plan setting forth the necessary steps for the removal of all structural barriers and physical obstacles to persons with disabilities in City facilities and to complete the necessary steps by the deadline established by the ADA, 28 CFR § 35.150;

b. Failure to develop a transition plan for the removal of physical barriers in City streets, roads, intersection, and sidewalks, ad providing for the installation of curb ramps and accessible sidewalks, for completion within the deadline established by the ADA, 28 CFR § 35.150;

c. Failure to properly notify applicants, participants, beneficiaries, and other interested persons of their rights under the ADA and the City's obligations under Title II, 28 CFR § 35.106;

d. Failure to provide necessary information to interested persons with disabilities concerning the existence and location of the City's accessible services, activities, and facilities, 28 CFR § 35.163(a);

e. Failure to properly designate a responsible employee to coordinate its efforts to comply and to carry out the City's ADA responsibilities, 28 CFR § 35.107(a);

f. Failure to properly establish and publish a grievance procedure for resolving citizens' complaints regarding the City's non-compliance with the ADA, 28 CFR § 35.107(b);

  g. Failure to operate each City program, service, or activity so that, when viewed in its entirety, it is readily accessible to and useable by individuals with disabilities, 28 CFR § 35.150;

  h. Failure to ensure that facilities for which construction or alteration was begun after January 26, 1992, are readily accessible to and useable by people with disabilities. in accordance with all applicable ADA design standards, 28 CFR § 35.151;

  i. Failure to ensure that communications with applicants, participants, and members of the public with disabilities are as effective as communications with other including the failure to furnish auxiliary aids and services to persons with disabilities, when necessary, 28 CFR § 35.160; etc.

3. In particular Kozich's claims against the City include but are not limited to:

  a. Violations of civil rights;

  b. Conspiracy to violate civil rights;

  c. Violation of constitutional rights;

  d. Conspiracy to violate constitutional rights;

  e. Malicious prosecution;

  f. Conspiracy to maliciously prosecute;

  g. Violation of Federal ADA laws;

  h. Conspiracy to violate Federal ADA laws;

  i. Contumacious Violation (KA.217-32) of Consent Final Judgment (KA.1-48);

    j. Contumacious Conspiracy to disregard (KA.217-32) Consent Final Judgment (KA.1-48);

    k. Filing or making false statements in official record(s) (KA.175-80, 217-32);

    l. Conspiracy to file or make false statements in official record(s) (KA.175-80, 217-32);

    m. Failure to comply with Florida Public Records Law and Federal Freedom of Information Act (FOIA);

    n. Conspiracy to not comply with Florida Public Records Law and Federal Freedom of Information Act (FOIA);

    o. Obstructing justice;

    p. Conspiracy to obstruct justice;

    q. Violation of FS 316.1964;

    r. Conspiracy to violate FS 316.1964;

    s. Violation of City Municode 26-157 and 158;

    t. Conspiracy to violate City Municode 26-157 and 158;

    u. Violation of the Consent Final Judgment (KA.1-48) and Constitutions and Federal and State law in establishing and enforcing parking restrictions on property owned by the State (KA.49-89) and where ADA Handicap placards are not valid or are limited and illegally issuing parking citations (KA.175-80) on property on State Road A1A which is not owned by the City (KA.90-93);

    v. Conspiracy to violate the Consent Final Judgment (KA.1-48) and Constitutions and Federal and State law in establishing and enforcing parking restrictions on property owned by the State (KA.49-89) and where ADA Handicap placards are not valid or are limited and illegally issuing parking citations (KA.175-80) on property on State Road A1A which is not owned by the City (KA.90-93);

    w. Lack of jurisdiction to restrict parking on state road(s) (KA.49-89, 90-93);

    x. Lack of jurisdiction to issue parking citations on state road(s) (KA.49-89, 90-93);

    y. Unlawfully expanding City's definition of "event" to that not permitted under Florida law (KA.94-95);

    z. Conspiracy to unlawfully expand the City's definition of "event" to that not permitted under Florida law (KA.94-95);

    aa. Failure to provide due care;

    bb. Intentional infliction of emotional distress;

    cc. Gross negligence;

    dd. Malfeasance;

    ee. Misfeasance; etc.

4. Kozich's injuries resulted in damages including but not limited to medical expenses, physical injury, pain and suffering, loss of enjoyment of life, physical loss to property, special damages, etc. totaling in excess of $400,000 for each injury or occurrence, or both, and for which Kozich demands payment from the City.

**WHEREFORE**, Kozich respectfully requests judgment against Plaintiff,

1. For enforcement of the Consent Final Judgment, to Void the Citation and for Injunctive and Other Relief.

2. For enforcement of the August 1, 2003 Consent Final Judgment (KA.1-48) against the City in illegally establishing and enforcing parking restrictions along State Road AIA Right of Way (ROW) that is owned by the State (KA.49-89) and over which the City has no jurisdiction (KA.90-93), and in which ADA handicap parking placards are not valid or are restricted, and in contumacious disregard (KA.217-32) of the Consent Final Judgment and Federal and State Law, to void parking citation, for injunctive relief and for purposely posting incorrect parking restriction signage.

3. Voiding the parking citation (KA.176-80).

4. Ordering the City to refund all revenue received as a result of issuing parking citations along AIA.

5. Awarding Kozich damages.

6. Reserving jurisdiction to award Kozich fees and costs.

7. Or such further and other relief the court deems just and equitable.

## COUNT II
### VIOLATIONS OF FOIA AND FOR INJUNCTIVE RELIEF

Kozich adopts and realleges each and every allegation of a material fact in paragraphs 1. through 9. of the General Allegations, and further alleges,

5. This is an action under the FOIA, 5 USC § 552, et seq. for injunctive and other relief and seeking the disclosure and release of City records improperly withheld from Kozich and not disclosed by the City and in contumacious disregard (KA.217-32) of the August 1, 2003 Consent Final Judgment (KA.1-48).

6. In particular Kozich's claims against the City include but are not limited to:

   a. Violations of civil rights;

   b. Conspiracy to violate civil rights;

   c. Violation of constitutional rights;

   d. Conspiracy to violate constitutional rights;

   e. Malicious prosecution;

   f. Conspiracy to maliciously prosecute;

   g. Violation of Federal ADA laws;

   h. Conspiracy to violate Federal ADA laws;

   i. Violation of Consent Final Judgment (KA.1-48);

   j. Conspiracy to violate Consent Final Judgment (KA.1-48);

   k. Filing or making false statements in official record(s);

   l. Conspiracy to file or make false statements in official record(s);

   m. Failure to comply with Florida Public Records Law and Federal Freedom of Information Act (FOIA) (KA.153-55, 167-71);

   n. Conspiracy to not comply with Florida Public Records Law and Federal Freedom of Information Act (FOIA) (KA.153-55, 167-71);

o. Obstructing justice;

p. Conspiracy to obstruct justice;

q. Violation of FS 316.1964;

r. Conspiracy to violate FS 316.1964;

s. Violation of City Municode 26-157 and 158;

t. Conspiracy to violate City Municode 26-157 and 158;

u. Violation of the Consent Final Judgment and Constitutions and Federal and State law in establishing and enforcing restrictions on parking along State Road A1A on property over which the City has no jurisdiction.

v. Conspiracy to violate the Consent Final Judgment and Constitutions and Federal and State law in State law in establishing and enforcing restrictions on parking along State Road A1A on property over which the City has no jurisdiction.

w. Lack of jurisdiction to restrict parking on state road(s) (KA.49-89, 90-93);

x. Lack of jurisdiction to issue parking citations on state road(s) (KA.49-89, 90-93);

y. Unlawfully expanding City's definition of "event" to that not permitted under Florida law;

z. Conspiracy to unlawfully expand the City's definition of "event" to that not permitted under Florida law;

aa. Failure to provide due care;

bb. Intentional infliction of emotional distress;

13

    cc. Gross negligence;

    dd. Malfeasance;

    ee. Misfeasance; etc.

**WHEREFORE**, Kozich respectfully requests judgment against Plaintiff,

1. Ordering the City to forthwith disclose the requested records in their entirety and to forthwith make copies available to Kozich.

2. Providing for expeditious proceedings in this action.

3. Awarding Kozich damages.

4. Reserving jurisdiction to award Kozich fees and costs.

5. Or such further and other relief the court deems just and equitable.

## COUNT III

## TORT CLAIMS AGAINST CITY PURSUANT TO FLA.STAT. 768.28

Kozich adopts and realleges each and every allegation of a material fact in paragraphs 1. through 9. of the General Allegations, and further alleges,

1. This is an action for tort claims against the City (KA.193-95) pursuant to Fla.Stat. 768.28 contumacious disregard (KA.217-32) and violation of the August 1, 2003 Consent Final Judgment (KA.1-48) against the City in illegally establishing and enforcing parking restrictions along State Road A1A Right of Way (ROW) that is owned by the State (KA.49-89) and over which the City has no jurisdiction (KA.90-93), and in which ADA handicap parking placards are not valid or are restricted, and in contumacious disregard (KA.217-32) of the Consent Final Judgment and Federal and

14

State Law, to void parking citation, for injunctive relief and for purposely posting incorrect parking restriction signage or not posting any signage, or both.

2. In particular Kozich's claims against the City include but are not limited to:

   a. Violations of civil rights;

   b. Conspiracy to violate civil rights;

   c. Violation of constitutional rights;

   d. Conspiracy to violate constitutional rights;

   e. Malicious prosecution;

   f. Conspiracy to maliciously prosecute;

   g. Violation of Federal ADA laws;

   h. Conspiracy to violate Federal ADA laws;

   i. Violation of Consent Final Judgment;

   j. Conspiracy to violate Consent Final Judgment;

   k. Filing or making false statements in official record(s);

   l. Conspiracy to file or make false statements in official record(s);

   m. Failure to comply with Florida Public Records Law and Federal Freedom of Information Act (FOIA);

   n. Conspiracy to not comply with Florida Public Records Law and Federal Freedom of Information Act (FOIA);

   o. Obstructing justice;

   p. Conspiracy to obstruct justice;

q. Violation of FS 316.1964;

r. Conspiracy to violate FS 316.1964;

s. Violation of City Municode 26-157 and 158;

t. Conspiracy to violate City Municode 26-157 and 158;

u. Lack of jurisdiction to restrict parking on state road(s);

v. Lack of jurisdiction to issue parking citations on state road(s);

w. Unlawfully expanding City's definition of "event" to that not permitted under Florida law;

x. Conspiracy to unlawfully expand the City's definition of "event" to that not permitted under Florida law;

y. Failure to provide due care;

z. Intentional infliction of emotional distress;

aa. Gross negligence;

bb. Malfeasance;

cc. Misfeasance; etc.

3. Kozich's injuries resulted in damages including but not limited to medical expenses, physical injury, pain and suffering, loss of enjoyment of life, physical loss to property, special damages, etc. totaling in excess of $400,000 for each injury or occurrence, or both, and for which Kozich demands payment from the City.

**WHEREFORE**, Kozich respectfully requests judgment against Plaintiff,

1. For enforcement of the Consent Final Judgment, to Void the Citation and for Injunctive and Other Relief.

2. For enforcement of the August 1, 2003 Consent Final Judgment (KA.1-48) against the City in illegally issuing parking citations along SR AIA which is owned by the State and in contumacious disregard (KA.217-32) of the Consent Final Judgment and Federal and State Law, to void parking citation and for injunctive relief.

3. Voiding the parking citation.

4. Ordering the City to refund all revenue received as a result of issuing parking citations within along AIA.

5. Awarding Kozich damages.

6. Reserving jurisdiction to award Kozich fees and costs.

7. Or such further and other relief the court deems just and equitable.

**PRESERVATION OF CLAIMS, DEFENSES AND COUNTERCLAIMS**

With the filing of this Notice of Removal, Kozich does not waive any claims, defenses or counterclaims which may be available to him.

**REQUEST FOR JURY TRIAL**

Kozich requests jury trial on all issues triable by jury.

**VERIFICATION DECLARATION**

I DECLARE under penalty of perjury that the statements made in this complaint are true and correct to the best of my knowledge.

_____
Don Kozich

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing was filed with the Parking Citation Division of the Clerk of the County Court and a copy served to City of Fort Lauderdale Parking Services on 10/31/17.

Clerk of Court
Parking Citation Division
Room WW01140
201 SE 6 Street
Fort Lauderdale, FL 33301
954.831.5804

Don Kozich, Plaintiff
POB 2032
Ft. Lauderdale, FL 33303
954.709.0537
dtkctr@gmail.com

Miss Diana Alarcon, Director
City of Fort Lauderdale Parking Services
City of Fort Lauderdale
290 NE 3 Avenue
Fort Lauderdale, FL 33311
954.828.3793
dalarcon@fortlauderdale.gov

UNITED STATES CIRCUIT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 17-CV-_____
Kozich v. City of Fort Lauderdale, FL

CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

EFF: 171025

City of Fort Lauderdale, FL

Don Kozich

Florida Department of Transportation (FDOT)

State of Florida

    I HEREBY CERTIFY that the foregoing was filed with the court and a copy served to Defendants on October 31, 2017.

Don Kozich, Plaintiff
PO Box 2032
Fort Lauderdale, FL 33303-2032
954.709.0537
dtkctr@gmail.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 17-CV--_____
Kozich v. City of Fort Lauderdale, FL

CERTIFICATE OF SERVICE

SERVICE LIST: EFF: 171025

lfeldman@fortlauderdale.gov; dalarcon@fortlauderdale.gov; MCobb@fortlauderdale.gov

Mr. Lee Feldman, City Manager
City of Fort Lauderdale
100 North Andrews Avenue
Fort Lauderdale, FL 33301
lfeldman@fortlauderdale.gov

Miss Diana Alarcon, Director
Parking Services
City of Fort Lauderdale
290 NE 3 Avenue
Fort Lauderdale, FL 33301
dalarcon@fortlauderdale.gov

Mr. Matthew Cobb, AIC, AIS
ADA Coordinator
City of Fort Lauderdale Risk Management
100 N Andrews Avenue, 3rd Floor
Fort Lauderdale, Florida 33301
Phone: 954-828-6510
MCobb@fortlauderdale.gov